UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

CASE NO.:  1:17-CV-04947

FOTOHAUS, LLC,

       Plaintiff,

v.

GOLDEN TOUCH TRANSPORTATION OF
NY, INC.,

       Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff FOTOHAUS, LLC by and through undersigned counsel, brings this Complaint against Defendant GOLDEN TOUCH TRANSPORTATION OF NY, INC. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff FOTOHAUS, LLC ("FOTOHAUS"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Fotohaus' original copyrighted works of authorship.

2.    Daniel Foster ("Foster") is a professional architectural photographer and the principal photographer and owner of FotoHaus.  Foster creates highly unique abstract architecture photographs that focus on lines and geometry that isolate architectural elements such as geometric patterns or subsections of building with the result that the original structure and location are often unidentifiable in the final work. Foster's photographs force the viewer to

examine buildings and structure from radically different perspectives by emphasizing striking lines and geometry at the focal point.

3. Foster's work has been featured on the website of National Geographic, the World Wildlife Fund, and Smithsonian magazine. Foster is a member of the Royal Photographic Society and his works have been featured 18 times in the highly-coveted "Explore" section of Flickr.com. This section displays a limited number of the site's best photos each day.

4. Defendant GOLDEN TOUCH TRANSPORTATION OF NY, INC. is a ground transportation provider.

5. Fotohaus alleges that Golden Touch Transportation of NY, Inc. copied Fotohaus' copyrighted work from the internet in order to advertise, market and promote its business activities. The Defendant committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Defendant's business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in New York.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

10.     Golden Touch Transportation of NY, Inc. is a Corporation with its principal place of business at 45-02 Ditmars Boulevard, Suite 19, Astoria, NY 11105, and can be served by serving its Registered Agent, CT Corporation System, 111 Eight Avenue, New York, NY 10011.

## THE COPYRIGHTED WORK AT ISSUE

11.     Fotohaus created a photograph which is shown below and referred to herein as the "Work".



12.     Fotohaus registered the Work with the Register of Copyrights on February 15, 2013 and was assigned the registration number VA 1-859-408.  The Certificate of Registration is attached hereto as Exhibit 1.

13.     At all relevant times Fotohaus was the owner of the copyrighted Work at issue in this case.

3

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431

**INFRINGEMENT BY DEFENDANT**

14. The Defendant has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

16. Defendant copied Fotohaus' copyrighted Work without Fotohaus' permission.

17. After Defendant copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its ground transportation service in New York City.

18. Defendant copied and distributed Fotohaus' copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

19. Fotohaus' works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

20. Defendant committed copyright infringement of the Work as evidenced by Exhibit 2.

21. Fotohaus never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

22. Fotohaus notified the Defendant of the allegations set forth herein on July 11, 2016. To date, Defendant has failed to respond to Plaintiff's Notice. A copy of the Notice to the Defendant is attached hereto as Exhibit 3.

23. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Plaintiff incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Fotohaus owns a valid copyright in the Work at issue in this case.

26. Fotohaus registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27. GTTNY copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Fotohaus' authorization in violation of 17 U.S.C. § 501.

28. GTTNY performed the acts alleged in the course and scope of its business activities.

29. Fotohaus has been damaged.

30. The harm caused to Fotohaus has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant GTTNY that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501;

b. Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August 22, 2017					Respectfully submitted,


							*/s/ Joel B. Rothman*					
							JOEL B. ROTHMAN
							Florida Bar Number:  98220
							joel.rothman@sriplaw.com

							**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
							4651 North Federal Highway
							Boca Raton, FL  33431
							561.404.4350 – Telephone
							561.404.4353 – Facsimile

							*Attorneys for Plaintiff Fotohaus, LLC*